JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
CIVIL MINUTES -- GENERAL

Case No.    ED CV 09-00491-SGL(CWx)                          Date:  March 11, 2009

Title:      CITI RESIDENTIAL LENDING INC., ET AL. -v- JAVIER MEDINA,  ET AL.
======================================================================

PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

        Cindy Sasse                          None Present
        Courtroom Deputy                     Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:       ATTORNEYS PRESENT FOR DEFENDANTS:

None present                            None present

PROCEEDINGS:     ORDER SUMMARILY REMANDING MATTER TO STATE COURT

        The Court has received and reviewed defendant's March 9, 2009, notice of removal seeking to remove to this Court an unlawful detainer action filed by plaintiffs in Riverside County Superior Court.  In the notice, defendant argues that this Court has subject matter jurisdiction over the unlawful detainer action because there is "complete diversity" and defendant "believes that the amount in controversy exceeds $75,000."  The complaint filed by plaintiffs tells a different story.  The complaint concedes that the amount "demanded" is "under $10,000."  This specific averment of what plaintiff actually seeks by way of damages defeats any suggestion or belief that the amount in controversy exceeds $75,000.

        Next in the notice defendant asserts that the Court has federal question jurisdiction because of his "discovery request and demands for '**THE ORIGINAL BLUE INKED PROMISSORY NOTE**,'" something which defendant apparently contends is a federal defense to plaintiffs' efforts to evict him from his home after the foreclosure sale on the property.  The problem with that argument is that the lodging of a federal defense (or a discovery request) to a state law claim in state court does not serve to transform the plaintiffs' claim as one arising under federal law; it is the character of the claim being pressed by plaintiffs, not a defense interposed by a defendant to that claim, that is critical in determining whether removal is appropriate.  "[A] case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is

MINUTES FORM 90                                 Initials of Deputy Clerk __cls_____
CIVIL -- GEN                    1

ED CV 09-00491-SGL(CWx)
CITI RESIDENTIAL LENDING INC., ET AL. v JAVIER MEDINA,  ET AL.
MINUTE ORDER of March 11, 2009

anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."  Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987); see also Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 12 (1983).

    Given that neither basis proffered by defendant for this Court having subject matter jurisdiction over this matter has any merit, the Court sua sponte summarily **REMANDS** the instant matter to the Riverside County Superior Court.  See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action").

    IT IS SO ORDERED.